Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2473 S. Higley Road
Suite 104, #308
Gilbert, Arizona 85297
Office: (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Madeline Dittmar**, an individual;<br><br>Plaintiff,<br><br>v.<br><br>**Thunderbird Collection Specialists, Inc.**, an Arizona corporation;<br><br>Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff, Madeline Dittmar, by and through counsel undersigned and in good faith, alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter "FDCPA"), and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* In the course of attempting to collect a debt allegedly owed by Plaintiff,

1 Defendant engaged in deceptive, unfair and / or
2 abusive debt collection practices in violation of the
3 FDCPA. Plaintiff seeks an award of statutory damages,
4 actual damages, punitive damages, costs and attorney's
5 fees.

6 **II.   STATUTORY STRUCTURE OF FDCPA.**

7 2. Congress passed the FDCPA to eliminate abusive debt
8 collection practices by debt collectors, to insure
9 that those debt collectors who refrain from using
10 abusive debt collection practices are not
11 competitively disadvantaged, and to promote consistent
12 state action to protect consumers against debt
13 collection abuses. FDCPA § 1692.

14 3. The FDCPA is designed to protect consumers who have
15 been victimized by unscrupulous debt collectors
16 regardless of whether a valid debt exists. <u>Baker v.</u>
17 <u>G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir.
18 1982).

19 4. The FDCPA defines a "consumer" as any natural person
20 obligated or allegedly obligated to pay any debt.
21 FDCPA § 1692a(3).

22 5. The FDCPA defines "debt" as any obligation or alleged
23 obligation of a consumer to pay money arising out of a
24 transaction in which the money, property, insurance,
25 or services which are the subject or the transaction
26 are primarily for personal, family, or household

- 2 -

1     purposes.  FDCPA § 1692a(5).
2 6.   The FDCPA defines "debt collector' as  any person who
3     uses any instrumentality of interstate commerce or the
4     mails in any business the principal purpose of which
5     is the collection  of any debts, or who regularly
6     collects or attempts to collect, directly or
7     indirectly, debts owed or due or asserted to be owed
8     or due to another.  FDCPA § 1692a(6).
9 7.   Any debt collector who fails to comply with the
10    provisions of the FDCPA is liable for any actual
11    damage sustained; statutory damages up to $1,000;
12    attorney's fees as determined by the Court and costs
13    of the action. FDCPA § 1692k.

**III.   STATUTORY STRUCTURE OF FCRA.**

15 8. When Congress enacted the FCRA in 1970, it recognized
16    that "Unfair credit methods undermine the public
17    confidence which is essential to the continued
18    functioning of the banking system."  FCRA §
19    1681(a)(1).
20 9. Congress crafted the FCRA to protect consumers from
21    the transmission of inaccurate information about them.
22    <u>Kates v. Croker National Bank</u>, 776 F.2d 1396, 1397
23    (9th Cir. 1985).
24 10. In 1996 Congress amended the FCRA imposing upon
25    furnishers of information, such as the defendant
26    herein, detailed and specific responsibilities,

|   |   |
|---|---|
| 1 | including those in FCRA § 1681s-2(b).  The furnisher |
| 2 | has its own obligation to conduct a reasonable |
| 3 | investigation of Plaintiff's disputes.  Johnson v. |
| 4 | MBNA, 357 F.3d. 426 (4th Cir. 2004); Cushman v. Trans |
| 5 | Union Corporation, 115 F.3d 220, 227 (3d Cir. 1997). |
| 6 | 11. Any furnisher which fails to conduct a reasonable |
| 7 | investigation under FCRA § 1681s-2(b), is liable to |
| 8 | the consumer for any actual damages sustained, and if |
| 9 | the failure is willful, then actual damages sustained |
| 10 | or statutory damages of not less than $100 and not |
| 11 | more than $1,000, and punitive damages, together with |
| 12 | attorney's fees and costs of the action.  FCRA §§ |
| 13 | 1681n and *o*. |
| 14 | **IV.   JURISDICTION** |
| 15 | 12. Jurisdiction of this Court, over this action and the |
| 16 | parties herein, arises under 15 U.S.C. §1692k(d) |
| 17 | (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § |
| 18 | 1331.  Venue lies in the Phoenix Division of the |
| 19 | District of Arizona as Plaintiff's claims arose from |
| 20 | acts of the Defendant perpetrated therein. |
| 21 | **V.   PARTIES** |
| 22 | 13. Plaintiff is a citizen of Maricopa County, Arizona. |
| 23 | 14. Plaintiff was allegedly obligated to pay a consumer |
| 24 | debt and is a "consumer" as defined by FDCPA § |
| 25 | 1692a(3) and FCRA § 1681a©. |
| 26 | 15. Defendant Thunderbird Collection Specialists, Inc. |

1  ("TCS") is an Arizona corporation.
2  16. TCS is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0005528.
3  17. TCS regularly collects or attempts to collect debts owed or asserted to be owed or due another.
4  18. TCS is a "debt collector" as defined by FDCPA § 1692a(6).
5  19. TCS is a "person" as defined by FCRA § 1681a(b).
6  20. TCS is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

**VI.  FACTUAL ALLEGATIONS**

21. On or about April 4, 2006, Plaintiff's husband received a copy of his Experian credit report which reflected a collection account reported by TCS.
22. Believing that TCS was likely reporting the same account to Plaintiff's credit bureau, Plaintiff sent a letter to TCS disputing the Advantage debt and requesting that it be removed from her Experian credit file.
23. TCS received Plaintiff's dispute letter on April 17, 2006.
24. On April 21, 2006, Plaintiff sent a dispute of the TCS

1      account directly to Experian.
2  25. Upon information and belief, after receiving
3      Plaintiff's dispute, Experian contacted TCS and
4      requested that TCS investigate the account's validity,
5      and verify its reporting of the account to Plaintiff's
6      credit file.
7  26. Upon information and belief, TCS received Experian's
8      communication of Plaintiff's dispute and verified back
9      to Experian that it was reporting the account
10     accurately, and that in fact Plaintiff owed the
11     alleged debt.
12 27. Plaintiff subsequently received notice from Experian
13     that the TCS account had been verified and remained on
14     her credit file.
15 28. On June 13, 2006, Plaintiff called TCS and spoke with
16     the TCS collector, Jennifer Pena.
17 29. Plaintiff told Pena that she and her husband did not
18     owe the debt, and requested that TCS remove the
19     account from Plaintiff's credit file.
20 30. Pena told Plaintiff that since Plaintiff's adult son
21     had used her husband's insurance, that made Plaintiff
22     liable on the medical debt.
23 31. Plaintiff also sent TCS a letter on or about June 13,
24     2006 disputing the Advantage Urgent Care debt and
25     requesting that it be removed from her Experian credit
26     file.

1   32.  TCS received Plaintiff's letter of dispute on June 22,
2         2006.
3   33.  On or about June 27, 2006, Plaintiff again disputed
4         the TCS account with Experian.
5   34.  Upon information and belief, after receiving
6         Plaintiff's dispute, Experian contacted TCS and
7         requested that TCS investigate the account's validity,
8         and verify its reporting of the account to Plaintiff's
9         credit file.
10  35.  Upon information and belief, TCS received Experian's
11        communication of Plaintiff's dispute and verified back
12        to Experian that it was reporting the account
13        accurately, and that in fact Plaintiff owed the
14        alleged debt.
15  36.  On or about July 5, 2006, Experian notified Plaintiff
16        that the TCS account had again been verified and
17        remained on her credit report.
18  37.  TCS has continued to report inaccurate, derogatory and
19        improper information and failed to retract, delete
20        and/or suppress inaccurate, derogatory and improper
21        information about the Plaintiff, as described more
22        fully herein.
23  38.  As a result and proximate cause of Defendant's
24        actions, Plaintiff has suffered actual damages.
25  39.  Defendant's actions were intentional, willful, and in
26        gross or reckless disregard of the rights of Plaintiff

    and as part of its persistent and routine practice of debt collection.

40. In the alternative, Defendant's actions were negligent.

### VII.   CAUSES OF ACTION

#### a.   Fair Debt Collection Practices Act

41. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.
42. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), and 1692f(1).
43. As a direct result and proximate cause of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages for which Defendant is liable.

#### b.   Fair Credit Reporting Act

44. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.
45. TCS failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comply with FCRA § 1681s-2(b).
46. TCS has wilfully, or alternatively, negligently violated FCRA § 1681s-(b) on multiple occasions.
47. As a result of TCS's actions, Plaintiff has been damaged.
48. Pursuant to FCRA § 1681o, any person who is negligent in failing to comply with any requirement imposed

1 under the FCRA with respect to any consumer is liable
2 to that consumer in an amount equal to the sum of (1)
3 any actual damages sustained by the consumer as a
4 result of the failure and (2) in the case of any
5 successful action to enforce any liability under 15
6 U.S.C. § 1681*o*, the costs of the action together with
7 reasonable attorneys' fees.
8 49. As a result of Defendants' negligent failure to comply
9 with the FCRA, Defendants are liable to Plaintiff in
10 an amount equal to the sum of (1) any actual damages
11 sustained by Plaintiff as a result of said failure and
12 (2) the costs of this action together with reasonable
13 attorneys' fees.
14 50. Pursuant to 15 U.S.C. § 1681n, any person who
15 willfully fails to comply with any requirement imposed
16 under the FCRA with respect to any consumer is liable
17 to that consumer in an amount equal to the sum of (1)
18 any actual damages sustained by the consumer as a
19 result of the failure or damages or not less than
20 $100.00 and not more than $1,000.00; (2) such amount
21 of punitive damages as the court may allow; and (3) in
22 the case of any successful action to enforce any
23 liability under 15 U.S.C. § 1681n, the costs of the
24 action together with reasonable attorneys' fees.
25 51. As a result of Defendant's willful failure to comply
26 with the FCRA, Defendant is liable to Plaintiff in an

amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees.

## VIII.   DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Statutory damages of $1,000 pursuant to FDCPA § 1692k;

b) Actual damages for the FDCPA violations in an amount to be determined at trial;

c) Actual damages under the FCRA, or in the alternative, statutory damages of not less than $100 and not more than $1,000 per violation pursuant to FCRA § 1681n;

d) Punitive damages pursuant to FCRA § 1681n;

e) Costs and reasonable attorney's fees pursuant to §1692k and §§ 1681n and/or *o*; and

/ / /

/ / /

f)   Such other relief as may be just and proper.

DATED   August 15, 2006   .

        s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2473 S. Higley Road
Suite 104, #308
Gilbert, Arizona 85297
Office:  (480) 756-8822
Fax:  (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff