**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Madeline Dittmar, | No. CV 06-1980-PHX-JAT (MHB) |
| Plaintiff/Judgment Creditor, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Thunderbird Collection Specialists, Inc., | |
| Defendant/Judgment Debtor. | |
| Wells Fargo Bank, N.A., | |
| Garnishee. | |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

This matter arises on Plaintiff/Judgment Creditor Madeline Dittmar's ("Plaintiff") Motion for Garnishment Judgment and Order to Transfer Funds to Judgment Creditor, filed on August 11, 2008.  (Doc. #30.)  Plaintiff seeks entry of Judgment against Garnishee Wells Fargo Bank, N.A. ("Garnishee"), for nonexempt monies in the amount of $15,954.31 purportedly belonging to Defendant/Judgment Debtor Thunderbird Collection Specialists, Inc. ("Defendant").  On August 25, 2008, United States District Judge James A. Teilborg referred this case to the undersigned for all garnishment proceedings.  (Doc. #31.)

A review of the record demonstrates that on May 27, 2008, the United States District Court for the District of Arizona entered default judgment against Defendant in the instant matter.  (Doc. #26.)  As part of the judgment, the Court specifically ordered Defendant to pay Plaintiff the amount of $6,000.00 in actual and statutory damages, $5,000.00 in punitive

damages, and $3,000.00 in attorney fees pursuant to the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.  (Doc. #26.)

On June 23, 2008, Plaintiff filed an Application for Writ of Garnishment (Non-Earnings) against the Garnishee alleging in pertinent part that:

a)      The Garnishee is indebted to the Defendant for monies which are not earnings; or

b)      The Garnishee is holding non-exempt monies on behalf of the Defendant; or

c)      The Garnishee has in its possession non-exempt personal property belonging to the Defendant.

(Doc. #27.)  On June 26, 2008, a Writ of Garnishment and Summons (Non-Earnings) was issued to the Garnishee requesting, *inter alia*, that the Garnishee file an answer to the Writ as to:

1.      Whether the garnishee was indebted to or otherwise in possession of monies of the judgment debtor at the time the writ was served.

2.      The total amount of indebtedness or monies in possession of the garnishee at the time the writ was served.

3.      The amount of indebtedness or monies withheld by the garnishee pursuant to the writ.

4.      The amount of indebtedness or monies not withheld by the garnishee, and the reason for not withholding.

5.      Whether the garnishee was in possession of personal property of the judgment debtor at the time the writ was served.

*        *        *

(Doc. #28.)  Additionally, the Writ required the Garnishee to deliver to Defendant a copy of the Writ and Notice.  (Doc. #28.)

Thereafter, on July 21, 2008, the Garnishee filed an Answer to Writ of Garnishment (Non-Earnings) indicating that, at the time of service of the Writ, "[a] total balance of $15,954.31 is the amount of indebtedness or money withheld by the Garnishee pursuant to the writ ... ." (Doc. #29.)  The Garnishee also stated that it delivered copies of the "Writ and Summons, Notice to Judgment Debtor, Underlying Judgment and Request for Hearing" to

1    Defendant on July 10, 2008 – by regular first class mail.  (Doc. #29.)  Further, the Garnishee

2    mailed its Answer to both Defendant and Plaintiff on July 17, 2008.  (Doc. #29.)

3            On August 11, 2008, no objection to the Writ of Garnishment or Answer having been

4    filed, Plaintiff filed the subject Motion for Garnishment Judgment and Order to Transfer

5    Funds to Judgment Creditor.  (Doc. #30.)  In her Motion, Plaintiff states that the Garnishee

6    was served with a Writ of Garnishment, and has answered stating that the sum of $15,954.31

7    is being withheld pursuant to the Writ.   (Doc. #30.)   The proposed Order Awarding

8    Garnishment Judgment and Transfer of Funds to Judgment Creditor attached to Plaintiff's

9    Motion contains the following terms:

10           a.    That the Judgment Creditor is awarded a Garnishment Judgment in the
                   amount prayed for in the Writ ($14,503.92).
11
12           b.    The Garnishee is awarded the sum of $75.00 against the Judgment
                   Debtor's funds as and for the costs of preparing the Answer of the
13                 Garnishee.

14           c.    That the non-exempt funds withheld by the Garnishee upon service of
                   the Writ of Garnishment, up to a total of $14,503.92 shall be transferred
                   to the attorney for the Judgment Creditor upon receipt of this Order.
15

16   (Doc. #30-2.)  Plaintiff indicates that said Motion was served on Defendant by mail on

17   August 11, 2008.  (Doc. #30.)

18           Generally, a federal writ of garnishment is governed by the law of the state in which

19   the district court sits.  See Fed.R.Civ.P. 69(a)[1]; Hilao v. Estate of Marcos, 95 F.3d 848, 851

20   (9th Cir. 1996).  Under Arizona law, "garnishment reaches only debts existing at the time of

21   the service of the writ."  Reeb v. Interchange Resources, Inc. of Phoenix, 478 P.2d 82, 84

22   (Ariz. 1970).  "[I]t is well settled in Arizona that the rights of a garnishor-creditor to assets

23   in the hands of a garnishee are no greater than rights of the defendant-debtor to those assets."

24   Webster v. USLife Title Co., 598 P.2d 108, 110 (Ariz. Ct. App. 1979) (citing Mid-State

25          [1]  Rule 69(a), Fed.R.Civ.P., provides in pertinent part:
            A money judgment is enforced by a writ of execution, unless the court directs
26          otherwise.  The procedure on execution – in proceedings supplementary to and
            in aid of judgment or execution – **must accord with the procedure of the**
27          **state where the court is located**, ... .

28   (emphasis added).

1   Electric Supply Co. v. Arizona Title Insurance & Trust Co., 464 P.2d 604, 606-07 (Ariz.
2   1970)).

3         Pursuant to Arizona's garnishment statutes, "[a] party who has an objection to the writ
4   of garnishment [of non-earnings], the answer of the garnishee or the amount held by the
5   garnishee or a party claiming an exemption from garnishment" may file a "written objection
6   and request a hearing" "not later than ten days after receipt of the answer ... ." A.R.S. § 12-
7   1580(A).  If the answer of the garnishee "shows that the garnishee was indebted to the
8   judgment debtor at the time of service of the writ, and no objection to the writ or answer is
9   timely filed, on application by the judgment creditor the court shall enter judgment on the
10  writ against the garnishee for the amount of the nonexempt monies of the judgment debtor
11  owed or held by the garnishee at the time of service of the writ."  A.R.S. § 12-1584(A).
12  Under Arizona's garnishment statute, a presumption exists "that a document has been
13  received five days after it is mailed ... ."  A.R.S. § 12-1597(A).

14        The Court finds that Plaintiff has properly complied with Arizona's garnishment
15  statutes. Defendant presumptively received notice of the Writ of Garnishment and Summons
16  (Non-Earnings), the Garnishee's Answer to Writ of Garnishment (Non-Earnings), and the
17  Motion for Garnishment Judgment and Order to Transfer Funds to Judgment Creditor.  See
18  id.  Defendant failed to object to any of these documents.  In light of the fact that Defendant
19  has failed to file an objection to the Writ of Garnishment and Summons (Non-Earnings),
20  Answer to Writ of Garnishment (Non-Earnings), or Motion for Garnishment Judgment and
21  Order to Transfer Funds to Judgment Creditor, the undersigned will recommend that
22  Plaintiff's Motion for Garnishment Judgment and Order to Transfer Funds to Judgment
23  Creditor and the terms outlined in the proposed Order Awarding Garnishment Judgment and
24  Transfer of Funds to Judgment Creditor set forth in this Recommendation be granted.

25        In accordance with the foregoing,

26        **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Garnishment
27  Judgment and Order to Transfer Funds to Judgment Creditor  (Doc. #30) be **GRANTED** as
28  follows:

a.   That the Judgment Creditor is awarded a Garnishment Judgment in the amount prayed for in the Writ ($14,503.92).

b.   The Garnishee is awarded the sum of $75.00 against the Judgment Debtor's funds as and for the costs of preparing the Answer of the Garnishee.

c.   That the non-exempt funds withheld by the Garnishee upon service of the Writ of Garnishment, up to a total of $14,503.92 shall be transferred to the attorney for the Judgment Creditor upon receipt of this Order.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation.  See Fed.R.Civ.P. 72.

DATED this 4th day of September, 2008.

_Michelle H. Burns_

Michelle H. Burns
United States Magistrate Judge